**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ERIN BITTNER,

Plaintiff,

vs.

RINNAI AMERICA CORPORATION,

Defendants.

CASE NO. 8:14-cv-00306-JVS-JPR

**PROTECTIVE ORDER ON JOINT STIPULATION**

Complaint Filed: January 29, 2014
Trial Date: No date set

The Court having considered the Joint Stipulation, the Court makes the following orders:

Whereas, discovery and trial in the above-referenced case may require that the Parties in the above-referenced case disclose (1) sensitive information of the Plaintiff; (2) sensitive information of third party employees and former employees of Defendant and/or (3) confidential proprietary information of Defendant and third party representatives and customers of Defendant (the "Confidential Information");

This order (the "Protective Order") is entered in connection with the production of Confidential Information.

**I. SCOPE OF CONFIDENTIAL INFORMATION.**

All documents and information produced or otherwise disclosed in this action that a Party believes in good faith to contain information that is private business, sensitive or third party information are deemed Confidential Information. Such Confidential Information shall be subject to the provisions of this Stipulated Protective Order and shall not be used except as provided in this Stipulated Protective Order. By treating documents or information as Confidential a Party does not waive the right to challenge any designation of any document or information as Confidential.

**II. PERSONS TO WHOM CONFIDENTIAL INFORMATION MAY BE DISCLOSED.**

The Parties shall not disclose or disseminate, directly or indirectly, Confidential Information to any person or entity, with the following exceptions:

1. The Parties;

2. Counsel of record for the Parties, and such counsel's support staff, legal assistants and clerical personnel;

3. Expert witnesses or consultants retained by the Parties, or their respective attorneys, in connection with this action and the employees of such experts or consultants who are assisting them;

4. The appointed judge in this matter and any supporting personnel of that judge;

5. The jury selected to hear this matter, subject to all objections which may be asserted by the Parties;

6. Persons who are explicitly named on the Confidential Information as the authors or recipients (including those who received a copy thereof);

7. Any other persons with the prior written consent of the Party who disclosed the information;

8. Court reporting services and court reporters as may be reasonably necessary in connection with this action; and

9. Any other persons ordered to receive them by the appointed judge in this matter.

**Procedures Regarding Disclosure of Confidential Information**

Counsel of record to whom Confidential Information is produced or disclosed shall take reasonable steps to ensure that use and disclosure of such information takes place in accordance with the provisions of this Protective Order. Prior to any disclosure of Confidential Information to any person covered in II.3 or II.7 above, counsel of record making the disclosure shall ensure that each such person executes the nondisclosure agreement attached as Exhibit A and provides each such person with a copy of this Protective Order.

If a Party believes that Confidential Information originally disclosed by it has been used or disclosed other than pursuant to the restrictions of this Protective Order, it may move for an order for such relief and sanctions as may be appropriate. Any such motion must be filed in conformance with Central District of California Civil L.R. 37, including the joint stipulation requirement.

## III. USE OF CONFIDENTIAL INFORMATION.

### A. Use of Confidential Information Generally

Confidential Information shall be used by the Parties, counsel for the Parties and their agents, and any other persons to whom such Confidential Information may be disclosed pursuant to this Protective Order, for no purpose other than (a) this litigation; or (b) as otherwise compelled by lawful process (provided that the disclosing Party is given reasonable notice to object); or (c) as otherwise required by law. Notwithstanding the foregoing, nothing in this Protective Order shall prevent or limit the ability of a Party to use or disclose its own produced and designated Confidential Information for any purpose.

**B. Use of Confidential Information in the Course of This Action**

1. Confidential Information may be used by counsel for a Party in good faith in this action, provided that the Confidential Information is protected pursuant to the terms and conditions of this Protective Order that govern the Confidential Information.

2. Counsel for a Party may not question a witness at a deposition using information previously identified as Confidential Information without first:

(a) Explaining to the witness that the information which will be the subject of the inquiry is protected from disclosure by this Protective Order;

(b) Excluding all persons from the deposition, except for persons authorized by this Protective Order to have access to the Confidential Information; and

(c) Obtaining the witness' consent on the record to be bound by this Protective Order.

3. In preparing the transcript of a deposition that includes information previously identified as Confidential Information, the reporter will bind the transcript in a booklet(s) bearing a legend that indicates that information in the booklet is subject to this Protective Order.

4. Counsel for a Party also may designate depositions or other testimony as Confidential Information by:

(a) Stating orally on the record the day the testimony is given that the information is expected to be "Confidential"; or

(b) Sending written notice designating by page and line the portions of the transcript of the deposition or other testimony to be treated as "Confidential Information" within fourteen days after receipt of the deposition transcript.

5. For any papers either Party intends to file with the Court that contain or reveal information designated as Confidential Information, the Party seeking to file such documents under seal shall seek prior approval by the Court by written

application and a proposed order pursuant to Central District of California Civil L.R. 79-5, et seq. In the event the disclosing Party does not file an application and proposed order pursuant to L.R. 79-5, et seq.to have the Confidential Information filed under seal, or the application to have the Confidential Information filed under seal is denied, the Confidential Information shall be filed as part of the records of the Court.

6. The judge shall determine at the time of trial how Confidential Information shall be handled, consistent with the purposes of this Protective Order.

## IV. REMOVAL OF "CONFIDENTIAL" DESIGNATIONS.

1. A recipient of information designated as "Confidential" shall not be obligated to challenge the propriety of such designation at the time the document or information so designated is received, and a failure to do so shall not preclude a subsequent challenge thereto.

2. If a receiving Party's counsel believes that any Confidential Information that has been designated "Confidential" does not contain confidential, commercial or personal information, or competitively sensitive, proprietary information or trade secrets may, provide the disclosing Party's counsel with written notice, by facsimile, that it believes the "Confidential" designation, as the case may be, is inappropriate (the "Written Notice").

3. The Written Notice shall identify separately each document that the recipient believes should not have been designated "Confidential" and all other information required by Local Rule 37-1. Within ten (10) days of receipt of the Written Notice, the disclosing Party will confer with the receiving party as required by Local Rule 37-1. If counsel are unable to resolve the dispute, they shall prepare and file a Joint Stipulation in accordance with Local Rule 37-1. During the course of the procedures outlined in Sections IV.2 and IV.3 of this Protective Order, the challenged materials shall remain subject to the terms of this Protective Order and shall not be disclosed to any person except as provided for in this Protective Order

until the resolution of the dispute. Local Rule 37 should be followed in regard to any motions or other documents filed under Section IV. of this Protective Order.

**V. WAIVER.**

A Party, may in writing, waive any provisions of this Protective Order in regard to any Confidential Information produced by it. Any purported waiver which is not in a signed writing or stated on the record at a hearing before the judge or at a deposition taken in this action will be of no effect and will not alter any of the obligations imposed by this Protective Order.

**VI. RETURN OF CONFIDENTIAL INFORMATION.**

1. Within forty-five (45) days after the final conclusion of this action, including any appeal or other review therefrom, and after the time for any such appeal or other review has expired, the receiving Party and his or its experts and consultants shall return to the receiving Party's counsel all copies of Confidential Information.

2. Counsel for the receiving Party shall then either return any and all Confidential Information and all copies thereof in his possession, custody and control to counsel for the disclosing Party, or provide counsel for the disclosing Party a certificate that all such Confidential Information has been destroyed.

**VII. MISCELLANEOUS.**

1. This Protective Order shall not apply to any document or information which: (a) the Parties agree or the judge rules is within the public domain; or (b) is lawfully possessed or lawfully acquired by the Party or other person independently of receiving it from the disclosing Party.

2. Nothing contained in this Protective Order shall affect the rights of any Party or witness: (a) to object to disclosing any Confidential Information on any lawful grounds, whether the request is by way of written discovery or deposition question; (b) to object to the admission into evidence of any document or material at any arbitration, hearing, or trial; or (c) to object to any testimony at any

arbitration, hearing, or trial regarding any Confidential Information. Nor shall this Protective Order be construed as a waiver by any Party of any legally recognized privilege, including, without limitation, the attorney/client privilege and work product doctrine.

3. Nothing contained in this Protective Order shall affect the right of any Party to move at any time, to add to, delete from, or otherwise revise the terms of this Protective Order.

**IT IS SO ORDERED.**

Dated: August 18, 2014

Judge Jean P. Rosenbluth
United States Magistrate Judge

**Exhibit A**

**NONDISCLOSURE AGREEMENT**

I, ________________________ have read and understand the terms of the Stipulated Protective Order entered in the matter of Erin Bittner v. Rinnai America Corporation, Case No. 8:14-cv-00306-JVS-JPR before the United States District Court for the Central District of California (the "Bittner Matter"). I agree to comply with and be bound by the terms and conditions of that Protective Order unless and until modified by further order of the judge in the Bittner Matter or by written agreement of the parties. I consent to the jurisdiction of the judge in the Bittner Matter for purposes of enforcing the Protective Order.

Upon being informed by the Party who provided me with any documents or materials that constituted Confidential Information, as that term is defined in the Protective Order entered in the Bittner Matter, that the Bittner Matter has concluded, I agree that I will return all such Confidential Information and all copies and summaries thereof within 15 days of such notification to the Party from whom I received the documents, for further disposition consistent with the terms of the Protective Order entered in the Bittner Matter.

Dated:___________________________

Name:___________________________

Signed:__________________________